## IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

UNITED STATES OF AMERICA          :
                                  :
vs.                               :          CRIMINAL ACTION 98-00146-KD-M
                                  :
CLIFTON DEWAYNE BUCKHAULT,

### ORDER

This matter is before the court on defendant's motion for review/release wherein he  asks

this court to review or cause to be reviewed the status of his present confinement by the

appropriate government agency and determine that when given all credits to which he is entitled,

he should be forthwith released from incarceration and reinstated to terms of supervised release

(doc. 38).  At the time of filing this motion, defendant was incarcerated at the Escambia County

Detention Center, 316 Court St., Brewton, Alabama 36426.  The inmate locator service provided

by the Federal Bureau of Prisons indicates that defendant has commenced serving his federal

sentence and is now incarcerated at FCI Jesup, Federal Correctional Institution, 2680 301 South,

Jesup, Georgia 31599.

Because defendant is incarcerated in a federal correctional institution, the Attorney

General, acting through the Bureau of Prisons, and not this Court, is responsible for computing

any sentencing credits available to defendant. See United States v. Williams, 425 F.3d 987, 990

(11th Cir.2005) ("the Supreme Court has held that the Attorney General through the Bureau of

Prisons, as opposed to the district courts, is authorized to compute sentence credit awards after

sentencing").  The Supreme Court has also held that the Bureau of Prisons has the authority to

determine whether a defendant should receive credit for time spent in custody before the federal

sentence commences. See United States v. Wilson, 503 U.S. 329, 112 S.Ct. 1351 (1992).

Therefore, defendant should first exhaust the administrative procedures provided by the Bureau

of Prisons for requesting sentence credits before seeking review in this court. <u>See</u>, <u>e.g.</u>, <u>United</u>

<u>States v. Flanagan</u>, 868 F.2d 1544, 1546 (11th Cir.1989) ("a federal prisoner dissatisfied with the

computation of his sentence must pursue the administrative remedy available through the federal

prison system before seeking judicial review of his sentence").

The record before the court does not indicate that defendant has pursued or exhausted his

administrative remedies.  Because "[e]xhaustion of administrative remedies is jurisdictional"

<u>Williams</u>, 425 F.3d at 990 (citation omitted), this court lacks jurisdiction over defendant's

motion. Accordingly, defendant's motion for review/release is **denied** for lack of jurisdiction.

DONE this the 12th day of February, 2009.


**<u>s/ Kristi K. DuBose</u>**
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**